*margin: 93a 217 / 100 311 / 93a 217 / 109 109*

---

SNYDER *v.* VIGNAUX.

A letter addressed to and served upon the defendant in *certiorari*, in the following words: " I have been waiting for an answer from you as to whether you will agree to set aside the judgment in the Vignaux case.  The *certiorari* has been granted and returned to the J. P. court.  I have also paid the judge the cost which have accrued to date, and, of course, the jury fee paid out by you will be given back.  I think, in view of all the circumstances, that you will be none the loser to set this aside and let us have a final trial before a jury.  I saw Mr. Rosser and submitted the matter to him, and I am certain he is in favor of it.  We can try it to-morrow before a jury, or next month, just as you please.  Please answer ": is not a sufficient compliance with section 4059 of the code, which requires written notice to the defendant, not only of the sanction of the writ of *certiorari*, but also of the time and place of hearing, at least ten days before the sitting of the court to which the same is returnable.                        *Judgment reversed.*

October 30, 1893.

*margin: 93 217 / Case 2 / e121 93*

*Certiorari.*   Before Judge MARSHALL J. CLARKE.   Fulton superior court.   September term, 1892.

The letter quoted in the head-note was produced in resistance to a motion to dismiss the *certiorari* for want of the notice required by the code, §4059.   The motion was thereupon overruled.

ROSSER & CARTER, for plaintiff in error.
SIMMONS & CORRIGAN, by brief, *contra.*